IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31237
Conference Calendar
_____

ARTHER LEE TAYLOR, JR.,

                                        Plaintiff-Appellant,

versus

RICHARD L. STALDER; WILLIAM J. FLENIKEN;
WILLIAM L. GOODE,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-1561
- - - - - - - - - -
August 25, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:*

     Arther Lee Taylor, Jr., Louisiana prisoner #82818, appeals
the denial of his Fed. R. Civ. P. 60(b) motion which sought
reconsideration of the dismissal of his pro se, in forma pauperis
complaint as barred by Heck v. Humphrey, 512 U.S. 477 (1994).
Taylor filed his complaint against Richard L. Stalder, in his
capacity as Secretary of the Department of Public Safety and
Corrections; Williams J. Fleniken, in his capacity as district
court judge for Caddo Parish; and William L. Goode, in his

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

capacity as the assistant district attorney for Caddo Parish. He argued that (1) racial discrimination in the selection of the grand jury foreman violated his Fourteenth Amendment right to equal protection; (2) the defendants conspired to deprive him of equal protection of the law; (3) the indictment was invalid; and (4) the trial judge was biased.

Taylor has failed to brief the district court's dismissal of his complaint as barred by Heck. Arguments must be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Claims not adequately argued in the body of the brief are deemed abandoned on appeal. Id. at 224-25. Thus, Taylor is deemed to have abandoned the issue on appeal.

The district court's dismissal of the present case and our dismissal of this appeal count as two strikes against Taylor for purposes of 28 U.S.C. § 1915(g). We caution Taylor that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Taylor should review any pending appeals to ensure that they do not raise frivolous arguments.

APPEAL DISMISSED; SANCTION WARNING ISSUED.